**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00020-DOC-ADS                     Date:  June 16, 2021

Title: RUBEN VELASQUEZ V. FCA US, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman<br>for Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR<br>PLAINTIFF: | ATTORNEYS PRESENT FOR<br>DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO**
**STATE COURT [13]**

Having considered the Plaintiff Ruben Velasquez's ("Plaintiff") Motion to Remand Case to State Court (Dkt. 13) the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

**Background**

**A.     Facts**

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC"). (Dkt. 10). This action concerns Plaintiff's purchase of a vehicle manufactured by Defendant FCA US LLC ("FCA"). FAC ¶ 6. Plaintiff alleges that the vehicle contained or developed defects that substantially impaired the use, safe, and value of the Vehicle. *Id.* ¶ 11. Plaintiff provided FCA and its representatives sufficient opportunity to service or repair the vehicle, but FCA and its representatives were unable or failed to service or repair the vehicle within a reasonable number of attempts. *Id.* ¶ 14-15. Plaintiff delivered the vehicle to Defendant Dealership ("Dealership") for repair on numerous occasions, but

Dealership failed to properly store, prepare, diagnose, and repair the vehicle in accordance with industry standards. *Id.* ¶ 44, 46.

### B. Procedural History

On December 3, 2020, Plaintiff originally filed suit in the Superior Court of California, County of Orange County. *See* Notice of Removal (Dkt. 1) at 1. On January 6, 2021, FCA removed the action to this Court, asserting diversity jurisdiction. Notice of Removal. On January 29, 2021, Plaintiff filed a FAC, joining Dealership as a defendant. (Dkt. 10). On March 1, 2021, Plaintiff filed a motion to remand to state court. Motion (Dkt. 13). On March 8, 2021, FCA opposed the motion. (Dkt. 15). On March 15, 2021, Plaintiff replied. (Dkt. 16).

### Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a

"legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may either deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## I. Discussion

FCA argues that this Court has diversity jurisdiction in this action. Notice of Removal at 3. FCA further contends that Plaintiff's motion to remand must be rejected, because complete diversity existed at the time of removal and Dealership has been fraudulently joined. Opp'n at 2. Plaintiff argues that FCA failed to establish that the amount in controversy exceeded $75,000, and further asserts that Dealership was necessarily and timely joined, eliminating diversity jurisdiction. Plaintiff asserts that

since diversity jurisdiction fails, the Court should remand this action to Orange County Superior Court.

### A. Diversity Jurisdiction Fails for Amount in Controversy

FCA claims that the amount in controversy exceeds $75,000. Opp'n at 12. FCA refers to the Purchase Agreement, which shows the total purchase price for the subject vehicle is approximately $46,813.12. Notice of Removal at 5. FCA further points out that Plaintiff is seeking a civil penalty in the amount of two times Plaintiff's actual damages, which would amount to $93,626.24. *Id.* FCA argues that as a result, Plaintiff is seeking, at a minimum, $140.439.36 in damages and civil penalties, which satisfies the $75,000 minimum amount in controversy. *Id.*

Plaintiff contends that FCA erroneously conflated "civil penalties" and "actual damages" in order to reach the $75,000 minimum amount in controversy. Plaintiff asserts that FCA cannot conflate these two penalties and damages, "especially when [FCA] also argues that Plaintiff is not entitled to those damages." Reply at 3. Plaintiff argues that FCA's argument is thereby only just speculation, not evidence. *Id.* Thus, FCA has failed to demonstrate that the amount in controversy exceeds $75,000.

The Court agrees with Plaintiff in finding that FCA has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. FCA points to the total purchase price of the subject vehicle, but fails to account for the reduction of actual damages to account for Plaintiff's use of the vehicle ("use offset") before he took it in for repair. *See* Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."); *see also Schneider v. Ford Motor Co.*, 756 F.App'x 699, 700-701 (9th Cir. 2018) (finding that defendant failed to demonstrate that the amount in controversy had been satisfied for failing to account for the use offset). Rather than reducing the purchase price of the vehicle for use offset, FCA mistakenly uses the total purchase price to calculate the amount in controversy.

Additionally, FCA has failed to demonstrate that a civil penalty would be awarded. "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant failed to argue or provide evidence for including a civil penalty in the amount in controversy). Without demonstrating by a preponderance of

evidence, FCA has simply assumed that civil penalty would be awarded in the amount of two times Plaintiff's actual damages. FCA has not "ma[de] [an] effort to justify the assumption." *Zawaideh v. BMW of North America, LLC*, 2018 WL 1805103, at \*2 (holding that the defendant cannot "simply assume that because a civil penalty is available, one will be awarded"). By failing to demonstrate that a civil penalty would be awarded, FCA has erroneously included it in its calculation of the amount in controversy.

The Court accordingly finds that FCA failed to demonstrate that the amount in controversy exceeds $75,000. Therefore, the Court finds that it lacks diversity jurisdiction over the matter.

### B. Joinder is Permitted for Judicial Economy and Efficiency
Furthermore, FCA argues that Dealership has been fraudulently joined for the purposes of failing diversity jurisdiction. Opp'n at 7. Plaintiff argues that Dealership was necessarily and timely joined. Reply at 3. Plaintiff contends that if the Court rejects the joinder, then Plaintiff will file a State Court Action against Dealership, which would be redundant and against judicial economy and efficiency for both the parties and the Court. *Id.*

The Court agrees with the Plaintiff and finds that the joinder is proper. Under 28 U.S.C. § 1447(e), the standard for joinder is met "when failure to join will lead to separate and redundant actions." *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Joinder, however, is not necessary if the defendant is "only tangentially related to the cause of the action or would not prevent complete relief." *Id.* at 1012. Here, given that the claims against FCA and Dealership "arise from the same vehicle, the same alleged defects in the vehicle, and the same failed attempt to repair the vehicle, and where resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues," Dealership is "necessary for just adjudication." Reply at 4; *see Forward-Rossi v. Jaguar Land Rover North America, LLC*, 2016 WL 3396925, at \*4 (C.D. Cal. June 13, 2016). Additionally, denying the joinder will lead to separate and redundant actions that goes against judicial economy and efficiency. Denying the joinder will also prejudice the Plaintiff in having the Plaintiff litigate two matters rising out of the same set of facts in two different venues. Therefore, the Court finds that joinder is proper.

### Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: djl

CIVIL-GEN